## C. W. GREEN V. THE STATE.

No. 22262. Delivered November 4, 1942.
Rehearing Denied January 13, 1943.

The opinion states the case.

*Mel Janes,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the unlawful possession of intoxicating liquor for the purpose of sale in a dry area, and fined the sum of $100.00.

There are neither bills of exceptions nor statement of facts in the record. The proceedings appear to be in regular form, and we find nothing presented to us for review.

The judgment is affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

At the time the judgment of affirmance was entered on November 4, 1942, there were neither bills of exception nor statement of facts in the record.

Appellant files a motion for rehearing and in connection therewith asks that a writ of certiorari issue directing the clerk of the trial court to send up the bills of exception and statement of facts. The bills of exception are before us in a supplemental transcript. An affidavit by R. W. (Dick) Webb states in positive terms that he filed with the clerk the bills of exception and statement of facts in this case on January 27, 1942, at the same time he filed the bills of exception and statement of facts in cause No. 22,261 on our docket. (Page 243 of this volume). The clerk makes affidavit that there is no statement of facts in the present cause on file in his office and that "to the best of his knowledge and belief no statement of facts in said cause was ever filed" in his office. If the statement of facts was before us it would be considered notwithstanding the delayed filing in the trial court for the same reason that we considered the statement of facts in cause No. 22,261, against the same appellant. It appears from the motion for rehearing that appellant relies on the claim that such statement of facts was filed in the court below, and presumably bases his request for a reversal upon the absence of the statement of facts from the record before this court. This would be no ground for a reversal. See Good v. State, 67 S. W. 102. The statement of facts could be substituted under our statute (Art. 828 C. C. P.), but no steps have been taken to so substitute it, or if so, we have not been apprised of it.

The bills of exception have been examined. The only ones appearing to present a claim to consideration depend upon the facts proven upon the trial. These are not set out in the bills, and the facts are not otherwise presented.

The motion for rehearing is overruled.